IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JEAN E. SANDERS, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 07-367-KI |
| | ) |
| vs. | ) OPINION AND ORDER |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Tim Wilborn
Wilborn Law Office, P.C.
19093 S. Beavercreek Road, PMB #314
Oregon City, Oregon 97045

      Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600

Page 1 - OPINION AND ORDER

    Portland, Oregon  97204-2902

    Terrye E. Shea
    Special Assistant United States Attorney
    Assistant Regional Counsel
    Social Security Administration
    701 5th Avenue, Suite 2900 M/S 901
    Seattle, Washington  98104-7075

        Attorneys for Defendant

KING, Judge:

Plaintiff Jean Sanders brings an action pursuant to 42 U.S.C. § 405(g) of the Social Security Act to obtain judicial review of a decision of an Administrative Law Judge ("ALJ") denying her application for disability insurance benefits ("DIB").  The Commissioner has filed a Motion to Dismiss (#11) on the basis that the ALJ's decision is not a final decision, and plaintiff's request for review to the Appeals Council was untimely.

## BACKGROUND

Plaintiff filed an application for DIB on March 25, 2004.  The application was denied initially and upon reconsideration.  After a timely request for a hearing, plaintiff appeared before an Administrative Law Judge ("ALJ").  On April 25, 2005, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act and therefore not entitled to benefits.  The Appeals Council vacated and remanded the decision on July 8, 2005, directing the ALJ to consider the lay witness statement of plaintiff's husband.  The ALJ held a supplemental hearing on February 24, 2006, and issued a decision on June 30, 2006, denying plaintiff's application.

The Commissioner reports that the unfavorable decision was mailed June 30, 2006, to both plaintiff and her counsel, along with a letter explaining plaintiff's appeal rights. Plaintiff was directed to file an appeal with the Appeals Council within 60 days "from the date you get this notice." Decl. of Paul D. Gould Ex. 1 at 1. In addition, plaintiff was notified that "[t]he Appeals Council assumes you got the notice 5 days after [June 30] unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time." Id.

Plaintiff and her attorney report that neither of them received a copy of the decision issued in June. Plaintiff's counsel was prompted by a calendar reminder to write an inquiry letter about the case on September 14, 2006, almost seven months after the plaintiff's supplemental hearing. In response to that letter, on September 21, 2006, plaintiff's counsel received a copy of the June decision. On September 26, 2006, plaintiff's counsel filed a "Request for Review of Hearing Decision/Order" with the Appeals Council, explaining his delay by pointing out that neither he nor his client had received a copy of the decision until after he sent his inquiry letter in September.

On January 11, 2007,[1] the Appeals Council dismissed the Request for Review because it was not filed within 60 days from the date notice was received. According to the Appeals Council, "[T]he record shows that copies of the decision were mailed to the claimant and the representative at their correct addresses on June 30, 2006. The Appeals Council, therefore, finds that there is no good cause to extend the time for filing[.]" Gould Decl. Ex. 3 at 2. Plaintiff's

---

[1] The date is not clear on the exhibit, but the Commissioner provides the date in its memorandum.

Page 3 - OPINION AND ORDER

counsel filed a request for reconsideration on February 2, 2007, submitting affidavits from his client and himself, as well as other materials, supporting their assertion that neither had received a copy of the decision until counsel made an inquiry. On April 4, 2007, the request for reconsideration was also denied, finding "that good cause has not been established to extend the time to file the request for review." Gould Decl. Ex. 5.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (May 21, 2007) (quotation omitted).[2] Such a requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations and quotations omitted).

## DISCUSSION

---

[2] Abrogating the test in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim."

Page 4 - OPINION AND ORDER

The Commissioner moves to dismiss plaintiff's appeal of the ALJ's denial on the basis that this court lacks subject matter jurisdiction over her claim, and her complaint fails to state a claim. The Commissioner asserts that this court does not have jurisdiction to review the Commissioner's dismissal of plaintiff's Request for Review.

For purposes of background, the Code of Federal Regulations identifies the administrative steps required of claimants, along with specific time frames within which each step must be accomplished.

> (1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 416.1402, that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
>
> (5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

20 C.F.R. § 416.1400.

Plaintiff complied with all but the fourth step. She filed her Request for Review with the Appeals Council beyond the 60-day time frame required by regulation and the Commissioner, finding no good cause to accept her untimely request, dismissed plaintiff's Request for Review.

Page 5 - OPINION AND ORDER

The parties appear to agree that 42 U.S.C. § 405(g) does not give this court jurisdiction to review the Commissioner's dismissal of plaintiff's Request for Review. That section provides in part:

> Any individual, after any Final decision of the Secretary **made after a hearing** to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. §405(g) (emphasis added). The Commissioner's refusal to accept the late Request for Review due to lack of good cause for the delay was not a decision "made after a hearing." Id.; see also 42 U.S.C. §405(b) (no requirement for a hearing on an extension of time for filing); see also Sheehan v. Secretary of Health, Ed. & Welfare, 593 F.2d 323, 325 (8th Cir. 1979) (district court lacked jurisdiction to review denial of an extension of time to file request for review); Peterson v. Califano, 631 F.2d 628, 630 (9th Cir. 1980) (district court lacked jurisdiction to review denial of an extension of time to file complaint in district court).

Nevertheless, where a plaintiff raises a "colorable constitutional claim" that "implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination," jurisdiction is premised on federal question jurisdiction under 28 U.S.C. § 1331. Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997) (internal citations and corrections omitted). The Due Process Clause requires that an applicant receive meaningful notice and an opportunity to be heard before her claim for disability benefits may be denied. Gonzalez v. Sullivan, 914 F.2d 1197, 1203 (9th Cir. 1990) (assertions of injury and inability to work supported claim of property interest in receiving benefits); see also Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (due process required before terminating benefits). A constitutional

claim is "colorable" if it is not "wholly insubstantial, immaterial, or frivolous." Id. (quoting Boettcher v. Sec'y of Health & Human Serv., 759 F.2d 719, 722 (9th Cir. 1985).

In her Complaint, plaintiff alleges that the agency denied her due process when it "failed to notify" her of its decision, required her "to appeal a decision of which she had not received notice," and "refus[ed] to recognize as 'timely filed' the notice of appeal which [she] submitted within 60 days after receiving notice of the ALJ's decision." Complaint ¶¶ VI, VIII. Plaintiff further explains in her memorandum that her constitutional right to due process was violated "because the Commissioner[] [gave] conclusive effect to the regulatory presumption that Plaintiff received notice of the ALJ's decision within 5 days of the date of that decision[.]" Pl.'s Reply and Opp. to D.'s Mot. to Dismiss at 7. Based on these allegations, and the evidence described in more detail below,[3] I conclude plaintiff has raised a "colorable constitutional claim" that defendant violated her due process rights.

I next determine whether the Commissioner erred in rejecting plaintiff's Request for Review as untimely. I must consider whether plaintiff rebutted the presumption that because Agency personnel mailed the decision it reached its destination, such that a contrary determination is a violation of plaintiff's due process rights. "No constitutional violation will have occurred if substantial evidence supports" the Commissioner's decision. Evans, 110 F.3d at 1483. "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Id.

The regulations provide, in relevant part:

---

[3]An allegation that is "purely conclusory, unsupported by facts" is inadequate. Davis v. Schweiker, 665 F.2d 934, 936 (9th Cir. 1982).

Page 7 - OPINION AND ORDER

**§ 404.901  Definitions**

As used in this subpart–

*Date you receive notice* means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period.

**§ 404.968  How to request Appeals Council review.**

(a) *Time and place to request Appeals Council review.* You may request Appeals Council review by filing a written request. Any documents or other evidence you wish to have considered by the Appeals Council should be submitted with your request for review. You may file your request–

>   (1)  Within 60 days after the date you receive notice of the hearing decision . . . (or within the extended time period if we extend the time as provided in paragraph (b) of this section);

\* \* \*

(b) *Extension of time to request review.* You or any party to a hearing decision may ask that the time for filing a request for the review be extended. The request for an extension of time must be in writing. It must be filed with the Appeals Council, and it must give the reasons why the request for review was not filed within the stated time period. If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in § 404.911.

**§ 404.911 Good cause for missing the deadline to request review.**

(a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider–

>   (1) What circumstances kept you from making the request on time;
>
>   (2) Whether our action misled you;
>
>   (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decision; and
>
>   (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

> (b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:
>
> > * * *
>
> > (7) You did not receive notice of the determination or decision.

20 C.F.R. §§ 404.901, 404.968, 404.911.

Here, the Appeals Council noted in its refusal to accept the Request for Review, "the record shows that copies of the decision were mailed to the claimant and the representative at their correct respective addresses on June 30, 2006." Gould Decl. Ex. 3 at 2. The Commissioner provides evidence to the court in the form of a declaration from Patricia Schreiner, the hearing office director of the Eugene Office of Disability Adjudication and Review. Schreiner describes the general process used in mailing decisions, and states that from her review of the file "it appears that the ALJ's hearing decision was processed correctly by our employee." Decl. of Patricia Schreiner ¶ 6. Attached to her declaration is a printout of the computer screen for plaintiff's file showing the status of the decision as "Mailing–awaiting or in progress (MAIL)." The Commissioner, therefore, relies on its business practices to show that the decision was mailed, and appears to rely on the presumption that because the decision was mailed, plaintiff and her counsel received the decision within the five-day period identified in the regulation.

Plaintiff and her counsel, however, provided evidence to the Appeals Council that neither of them received the decision, in an attempt to rebut the presumption that they received the decision because it was properly mailed. The evidence submitted included: an affidavit from plaintiff stating that she did not receive a decision until September of 2006, an affidavit from plaintiff's counsel stating the same and that in his experience unfavorable decisions usually take

Page 9 - OPINION AND ORDER

four to eight months, an affidavit from plaintiff's counsel's office manager explaining how she catalogs the mail and attaching a copy of the mail log from the relevant period, an affidavit from plaintiff's counsel's paralegal explaining that in her experience unfavorable decisions usually take four to eight months and sometimes over a year.

After reviewing the evidence provided by plaintiff, which is not now and has never been disputed or discredited by the Commissioner, I conclude that the Commissioner's decision is not supported by substantial evidence. The Commissioner infers that because its business practices were followed, it "appears" the decision was correctly mailed. Assuming this evidence is sufficient to establish application of the presumption, the Commissioner has not attempted to overcome plaintiff's and her counsel's sworn and uncontradicted testimony, corroborated by other evidence in the record, that neither of them received the decision. Furthermore, under the regulations, "good cause" is defined to include the occasion where the claimant failed to receive the decision. Therefore, whether I review the record to determine if plaintiff has rebutted the presumption that she and her counsel received the decision, or whether I review the record to determine if plaintiff showed "good cause" for failing to timely file a Request for Review, I conclude that the Commissioner's decision dismissing plaintiff's Request for Review is not supported by substantial evidence. Since plaintiff was entitled as a matter of law to receive notice of the denial of her application, and since the Commissioner failed to rebut her evidence that she never received the unfavorable decision, the Commissioner violated plaintiff's due process rights when it dismissed her Request for Review.[4]

---

[4]The Commissioner's argument that plaintiff and her attorney were not diligent in following up with the agency has no bearing on the issue. Neither the regulation upon which the dismissal was grounded, nor the dismissal itself, references any duty to call the agency for

Page 10 - OPINION AND ORDER

Plaintiff's claim is not yet final because the Appeals Council did not rule on her Request for Review of the ALJ's unfavorable decision. Plaintiff requests that I remand the matter to the Appeals Council with instructions that the Appeals Council treat plaintiff's September 26, 2006, Request for Review of the ALJ's June 30, 2006, decision as timely filed.

## CONCLUSION

Defendant's Motion to Dismiss (#11) is denied. Pursuant to plaintiff's request, this action is remanded to the Commissioner under sentence four of U.S.C. § 405(g) to proceed as though plaintiff's September 26, 2006, Request for Review of the ALJ's June 30, 2006, unfavorable decision was timely filed. Judgment will be entered.

IT IS SO ORDERED.

Dated this _____11th_____ day of September, 2007.

                                                                                   /s/ Garr M. King
                                                                                 Garr M. King
                                                                                 United States District Judge

---

updates. Even if plaintiff's seven month delay in contacting the agency is relevant, plaintiff has submitted uncontested evidence that unfavorable decisions often take four to eight months and that her delay in contacting the agency was reasonable.