IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JEAN SANDERS,                              )
                                           )
             Plaintiff,              )   Civil Case No. 07-367-KI
                                           )
     vs.                                   )   OPINION AND ORDER
                                           )
MICHAEL J. ASTRUE, Commissioner            )
Social Security Administration,            )
                                           )
             Defendant.              )
                                           )

       Tim Wilborn
       19093 S. Beavercreek Road, PMB #314
       Oregon City, Oregon 97045

             Attorney for Plaintiff

       Karin J. Immergut
       United States Attorney
       District of Oregon
       Britannia I. Hobbs
       Assistant United States Attorney
       1000 S.W. Third Avenue, Suite 600
       Portland, Oregon 97204-2902

Page 1 - OPINION AND ORDER

Terrye E. Shea
Special Assistant United States Attorney
Assistant Regional Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Jean Sanders brought an action pursuant to 42 U.S.C. § 405(g) of the Social Security Act to obtain judicial review of a decision of an Administrative Law Judge ("ALJ") denying her application for disability insurance benefits ("DIB"). The Commissioner filed a Motion to Dismiss on the basis that the ALJ's decision was not a final decision. I denied the motion but, at plaintiff's request, I remanded the action to the Commissioner. Plaintiff now seeks an award for fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (#22).

## BACKGROUND

Plaintiff filed an application for DIB on March 25, 2004. The application was denied initially and upon reconsideration. After a timely request for a hearing, plaintiff appeared before an Administrative Law Judge ("ALJ"). On April 25, 2005, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act and therefore not entitled to benefits. The Appeals Council vacated and remanded the decision on July 8, 2005, directing the ALJ to consider the lay witness statement of plaintiff's husband. The ALJ held a supplemental hearing on February 24, 2006, and issued a decision on June 30, 2006, denying plaintiff's application.

Plaintiff and her attorney never received a copy of the decision issued in June. Plaintiff's counsel wrote an inquiry letter about the case on September 14, 2006, almost seven months after the plaintiff's supplemental hearing. In response to that letter, on September 21, 2006, plaintiff's counsel received a copy of the June decision. On September 26, 2006, plaintiff's counsel filed a "Request for Review of Hearing Decision/Order" with the Appeals Council, explaining his delay by pointing out that neither he nor his client had received a copy of the decision until after he sent his inquiry letter in September.

On January 11, 2007, the Appeals Council dismissed the Request for Review because it was not filed within 60 days from the date notice was received. Plaintiff's counsel filed a request for reconsideration on February 2, 2007. On April 4, 2007, the request for reconsideration was also denied.

After reviewing the evidence provided by plaintiff, I concluded that the Commissioner's decision to reject the Request for Review was not supported by substantial evidence. Since plaintiff's claim was not yet final, I remanded the matter to the Appeals Council with instructions that the Appeals Council treat plaintiff's Request for Review as timely filed.

Plaintiff's attorneys seek $7,523.14 in fees (for 44.85 hours) and $350 in costs for their work on behalf of plaintiff, plus an additional $587.09 for seeking these fees.

## LEGAL STANDARDS

The Equal Access to Justice Act ("EAJA") provides that the court shall award attorney fees and expenses to a prevailing party in any civil action brought by or against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under EAJA, the award of fees must be "reasonable." 28 U.S.C. § 2412(d)(2)(A). Courts use the factors set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), in assessing the reasonableness of the fee request. INS v. Jean, 496 U.S. 154, 161 (1990) (although Hensley was a § 1988 action, same analysis applicable to EAJA). Pursuant to Hensley, courts are to exclude hours that were not "reasonably expended." Hensley, 461 U.S. at 434.

## DISCUSSION

The Commissioner admits that his position was not substantially justified. He also does not object to reimbursement of the $350 filing fee, the hourly rate of $167.74, or the 12.85 hours itemized by Tim Wilborn.

The Commissioner does, however, object to the amount of the fees requested by Ralph Wilborn, arguing that the 32 hours were excessive. Specifically, the Commissioner argues, although there was no need to review an administrative record in this case in order to respond to the motion to dismiss, Ralph Wilborn spent some portion of 8 hours "[r]eview[ing] file" on July 17, 2007. Similarly, he spent some portion of 10 hours to "[c]ontinue review and analysis of administrative record." Over that time, Ralph Wilborn also spent an unspecified amount of time on "research." In sum, the Commissioner requests that the 32 hours be winnowed down to 11.5 hours, representing .5 hours for the first six pages of the response to the motion to dismiss, which contain block quotes from the Commissioner's brief, and one hour for the remaining 8.5 pages, the portion of the response which exhibits research and analysis. In total, the Commissioner suggests $4,084.47 for fees and $350 for costs.

Ralph Wilborn's records reflect the following expenditures of his time:

| Date | Nature of Legal Services | Time |
|---|---|---|
| 7/17/07 | Review file. Read and analyze Defendant's Memorandum in Support of Motion to Dismiss. Partially research case law permitting federal court appeals based on due process violations. Partially draft Plaintiff's Reply and Opposition to Defendant's Motion to Dismiss. | 8.0 |
| 7/18/07 | Continue research and draft of Plaintiff's Reply and Opposition to Defendant's Motion to Dismiss. | 8.0 |
| 7/19/07 | Continue review and analysis of administrative record. Continue research and draft of Plaintiff's Reply and Opposition to Defendant's Motion to Dismiss. | 10.0 |
| 7/20/07 | Complete research and draft of Plaintiff's Reply and Opposition to Defendant's Motion to Dismiss. | 6.0 |
| **TOTAL TIME EXPENDED IN THE DISTRICT COURT PROCEEDINGS** | | **32.0** |

Ralph Wilborn explains that "[r]eview file" means reviewing the documents in his file, including the exhibits plaintiff's counsel filed in support of plaintiff's opposition to the motion to dismiss. He did not mean reviewing some formal "administrative record" prepared by the Commissioner in the typical social security case. Additionally, he explains he did not specify the amount of time he spent reviewing his file because such review occurred intermittently between researching case law and drafting the opposition. He also explains that he consistently rounds his time down. In addition, this was not a "routine" issue; in fact, despite all of his experience with Social Security cases, he had never encountered this issue before. Ralph Wilborn also seeks fees for the additional 3.5 hours he spent responding to the arguments in the Commissioner's objections to plaintiff's EAJA fee request.

It is important to point out that in a message to attorneys, currently available on the Court's website, the Court advises attorneys of the following:

Page 5 - OPINION AND ORDER

> Increasingly, the Court has reviewed fee petitions where all or a substantial part of an attorney's time for one day is billed as a "block" without segregating time for individual tasks. This makes assessing the reasonableness of the time spent on a particular task extremely difficult. The Court recommends that members of the bar record time spent on particular, individual tasks and support their fee petitions with a level of documentation that allows the Court, and opposing counsel, to adequately review the reasonableness of the time spent on a single task.

http://ord.uscourts.gov/attorney_fee_statement.pdf. I have discretion to simply exclude all entries involving block billing. See Hells Canyon Preservation Council v. U.S. Forest Service, No. CV-00-755-HU, 2004 WL 1853134 (D. Or. Aug. 18, 2004) ("block billing entry of three or more hours, containing four or more tasks, prevent the court from assessing the reasonable number of hours spent on a given task" and will be disallowed).

Ralph Wilborn's fee request may be reasonable, but I am unable to judge that on the basis of his documentation. Accordingly, because the 32 hours he expended appear to me to be somewhat excessive, I will award fees for 20 hours.

Accordingly, I award attorneys' fees in the amount of $5,510.26, plus $350 for costs. I decline to award attorney's fees for the time Ralph Wilborn spent responding to the Commissioner's opposition to the EAJA application.

## CONCLUSION

For the foregoing reasons, plaintiff's Application for Fees, Costs and Expenses Pursuant to the Equal Access to Justice Act (#22) is GRANTED in part in the amount of $5,860.26.

IT IS SO ORDERED.

Dated this 22nd day of January, 2008.

Garr M. King
United States District Judge